UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT WAYNE ANNABEL, II,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:18-cv-914

Honorable Gordon J. Quist

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under Rule 21 of the Federal Rules of Civil Procedure, the Court may at any time and on just terms drop a party when claims against that party are misjoined. *Id.* Upon review of the complaint, the Court will dismiss without prejudice Plaintiff's action against Defendants Smith, Novak, Lewis, Becher, Christiansen, Woods, and Ryske because the claims against them are misjoined.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Michigan Department of Corrections (MDOC), MDOC Special Activities Coordinator Michael Martin, Deputy Michigan Attorney General James E. Long, and the following ICF officials: Chaplain Casey Cheney; Warden Willie Smith; Law Librarian Joseph Novak; Grievance Coordinators C. Lewis and L. Becher; Deputy Warden John Christiansen; Captain Kevin Woods; and Lieutenant S. Ryske.

Plaintiff's first set of allegations involves the actions of Defendants Martin, Cheney, and Long between September 2017 and April 6, 2018, to purportedly interfere with Plaintiff's kosher and Passover diets, in violation of his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and the provisions of a settlement agreement reached in *Annabel v. Caruso et al.*, No. 1:09-cv-176 (W.D. Mich), which Plaintiff has attached to his complaint. (Release from Liability, ECF No. 1-1, PageID.14-17; 1:09-cv-176, ECF No. 243-2, PageID.1290-1293.) Plaintiff also alleges that Defendant MDOC violated the RLUIPA, by placing a substantial burden on Plaintiff's practice of his religion. The remainder of Plaintiff's allegations have to do with actions taken by the remaining Defendants between March and July 2016, to retaliate against Plaintiff for exercising his First Amendment right to file grievances.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## II.     Misjoinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz*, No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts [] . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (quoting *Nali v. Michigan Dep't of Corrections*, 2007 WL 4465247, *3 (E.D. Mich. December 18, 2007)) (omission added).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under

3

the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding in forma pauperis, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person -- say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions -- should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168-69 (3rd Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998); *Shephard v. Edwards*, 2001 WL 1681145, *1 (S.D. Ohio Aug. 30, 2001) (declining to

consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule). To allow Plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of by § 1915(g), should any of his claims turn out to be frivolous.

In his first set of allegations, Plaintiff complains of the conduct of Defendants Martin, Cheney, and Long between September 2017 and April 6, 2018. The alleged conduct of the three Defendants had to do with Plaintiff's ability to obtain kosher and Passover meals, as he believed he was entitled under the First Amendment, RLUIPA, and a settlement agreement. Plaintiff's remaining allegations have to do with alleged retaliation by wholly different Defendants that occurred between March and July of 2016. Plaintiff does not allege joint or several liability among all Defendants or that the claims against Defendants Smith, Novak, Lewis, Becher, Christansen, Woods, and Rykse arose out of the "same transaction, occurrence, or series of transactions or occurrences" that gave rise to the claims against Defendants Martin, Cheney, and Long. Fed. R. Civ. P. 20(a)(2). He also fails to allege that "any question of law or fact common to all defendants will arise in the action." *Id.* Plaintiff's claims against Defendants Smith, Novak, Lewis, Becher, Christansen, Woods, and Rykse therefore are not properly joined in the instant action. *Proctor*, 661 F. Supp. 2d at 778.

Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-573 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich.

Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

Plaintiff's misjoined claims occurred between March and July of 2016, well within the three-year period of limitations. Those claims are not at risk of being time-barred. As a consequence, Plaintiff will not suffer gratuitous harm if the improperly joined Defendants are dismissed. Accordingly, the Court will exercise its discretion under Rule 21 and dismiss without prejudice Defendants Smith, Novak, Lewis, Becher, Christansen, Woods, and Rykse.

## **Conclusion**

Under Fed. R. Civ. P. 21, the Court dismisses without prejudice Plaintiff's action against Defendants Smith, Novak, Lewis, Becher, Christiansen, Woods, and Ryske because the claims against them are misjoined.

An order consistent with this opinion will be entered.


Dated: November 8, 2018                    /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE