UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT WAYNE ANNABEL, II,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:18-cv-914

Honorable Gordon J. Quist

## **OPINION**

        This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. This Court previously has dismissed without prejudice seven Defendants from the action because Plaintiff's claims against them were misjoined. The matter presently is before the Court for initial screening of the remainder of the complaint, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's § 1983 claims and his RLUIPA damages claims against Defendant Michigan Department of Corrections. The Court also will dismiss Plaintiff's RLUIPA damages claims against Defendants

Martin, Cheney, and Long. The Court will serve the remainder of the complaint against Defendants Michigan Department of Corrections, Martin, Cheney, and Long.

## Discussion

### I. Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff initially sued the Michigan Department of Corrections (MDOC), MDOC Special Activities Coordinator Michael Martin, Deputy Michigan Attorney General James E. Long, and the following ICF officials: Chaplain Casey Cheney; Warden Willie Smith; Law Librarian Joseph Novak; Grievance Coordinators C. Lewis and L. Becher; Deputy Warden John Christiansen; Captain Kevin Woods; and Lieutenant S. Ryske. The Court has since dismissed Defendants Smith, Novak, Lewis, Becher, Christiansen, Woods, and Ryske for misjoinder. As a result, only Defendants MDOC, Martin, Cheney, and Long remain Defendants in this action.

With respect to Defendants Martin, Cheney, and Long, Plaintiff alleges that, between September 2017 and April 6, 2018, Defendants purportedly interfered with Plaintiff's kosher and Passover diet, in violation of his rights under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and the provisions of a settlement agreement (a contract) reached in *Annabel v. Caruso et al.*, No. 1:09-cv-176 (W.D. Mich), which Plaintiff has attached to his complaint. (Release from Liability, ECF No. 1-1, PageID.14-17; 1:09-cv-176, ECF No. 243-2, PageID.1290-1293.) He also alleges that Defendants Martin, Cheney, and Long retaliated against him for bringing his 2009 lawsuit, *Annabel v. Caruso et al.*, No. 1:09-cv-176 (W.D. Mich), "by changing the [settlement] contract interpretation to

2

deny[] Plaintiff Passover meals and/or delaying Kosher meal approval." (Compl., ECF No. 1, PageID.9.)

With respect to Defendant MDOC, Plaintiff makes limited conclusory allegations. First, he alleges that the MDOC "violated RLUIPA by placing a substantial burden upon Plaintiff's religious practice that was not the least restrictive means of furthering a compelling government objective. (*Id.*, PageID.8-9.) Plaintiff alleges that the MDOC is liable for breach of the settlement agreement by Martin, Cheney, and Smith, and he declares that the MDOC has violated his Fourteenth Amendment right to equal protection.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. MDOC – Immunity

Plaintiff sues the MDOC for claims under § 1983, RLUIPA, and the settlement agreement. With respect to his § 1983 claims, Plaintiff alleges that the MDOC deprived him of equal protection and violated his First Amendment rights by not providing him his holy day meals and Passover meals in the fall of 2017 and the spring of 2018.

Plaintiff may not maintain a §1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438

U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under §1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses Plaintiff's § 1983 claims against Michigan Department of Corrections.

RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to [a prison] . . . unless the government demonstrates that imposition of the burden on that person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014). Although RLUIPA permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA."). As a result, the Court will dismiss

Plaintiff's RLUIPA damages claims against the MDOC. The Court will order service of Plaintiff's RLUIPA claims against the MDOC, to the extent he seeks declaratory and injunctive relief.

B.  Defendants Martin, Cheney, and Long – RLUIPA

Plaintiff sues Defendants Martin, Cheney, and Long in both their official and individual capacities, alleging violations of the First Amendment, RLUIPA, and the settlement agreement. To the extent that Plaintiff seeks to hold Defendants liable in their individual capacities for violations of RLUIPA, he fails to state a claim. The Sixth Circuit, like other circuits, has held that RLUIPA does not permit recovery of damages from state prison officials in their individual capacities. *Haight*, 763 F.3d at 570 (citing *Washington v. Gonyea*, 731 F.3d 143, 145-46 (2d Cir. 2013); *Stewart v. Beach*, 701 F.3d 1322, 1334-35 (10th Cir. 2012); *Sharp v. Johnson*, 669 F.3d 144, 153 (3d Cir. 2012); *Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009); *Rendelman v. Rouse*, 569 F.3d 182, 186-89 (4th Cir. 2009); *Sossamon v. Texas*, 560 F.3d 316, 327-29 (5th Cir. 2009); *Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007)).

Moreover, to the extent that Plaintiff seeks damages from Defendants Martin, Cheney, and Long for actions taken in their official capacities, his claims must be dismissed. Monetary damages are not available under RLUIPA. *See Sossamon*, 563 U.S. at 288.

C.  Breach of Settlement Agreement

Plaintiff alleges that Defendants breached the settlement contract from the 2009 action by depriving him of his Passover and other holy days meals. On April 24, 2017, Plaintiff filed a motion to enforce the settlement agreement in the original case, *Annabel v. Caruso et al.*, No. 1:09-cv-176 (W.D. Mich) (1:09-cv-176, ECF No. 234.) The magistrate judge issued a report and recommendation on May 24, 2017, to deny the motion because the court lacked subject matter

jurisdiction under *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). (*Id.*, ECF No. 244, PageID.1378-1379.)

Reading Plaintiff's complaint generously, he seeks to bring a claim for breach of contract under state law. Because Plaintiff's breach-of-contract claim is closely connected to his claims under § 1983 and RLUIPA and based on the same facts, the Court will exercise supplemental jurisdiction over the claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's constitutional claims under 42 U.S.C. § 1983 against Defendant MDOC will be dismissed with prejudice for failure to state a claim. In addition, the Court will dismiss with prejudice for failure to state a claim Plaintiff's damages claims under RLUIPA.

An order consistent with this opinion will be entered.

Dated: November 8, 2018                     /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE