UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II #414234,

        Plaintiff,                          Hon. Gordon J. Quist

v.                                          Case No. 1:18-cv-914

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 40). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

**BACKGROUND**

Plaintiff initiated this action on August 14, 2018, against the Michigan Department of Corrections (MDOC) and ten individuals. The Honorable Gordon J. Quist later dismissed Plaintiff's claims against seven of the individual defendants on misjoinder grounds, leaving as defendants the MDOC, Michael Martin, Casey Cheney, and James Long. (ECF No. 4). With respect to these defendants, Plaintiff asserted the following claims: (1) denial of his First Amendment right to freely exercise his religion; (2) violation of his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA); (3) violation of his First Amendment right to be free from unlawful

-1-

retaliation; and (4) breach of contract based on Defendants alleged failure to abide by the terms of a settlement agreement Plaintiff negotiated in a previous lawsuit. (ECF No. 1).

With respect to these claims, Judge Quist dismissed Plaintiff's: (1) §1983 claims against the MDOC; (2) RLUIPA claim for damages against the MDOC; (3) RLUIPA claims asserted against the individual defendants in their personal capacity; and (4) RLUIPA claims against the individual defendants seeking money damages. (ECF No. 6). The remainder of Plaintiff's complaint was ordered to be served. Plaintiff subsequently amended his complaint to add as a defendant David Leach as well as claims that his right to the equal protection of the law was violated. (ECF No. 33, 37). Defendants Long and MDOC[1] now move for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. Plaintiff opposes Defendants' motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient

---

[1] While Defendants Martin and Casey are also identified as movants in the initial paragraph of this motion, no argument is advanced therein on behalf of Martin or Casey. Accordingly, to the extent that the present motion is interpreted as asserting claims of relief on behalf of Defendants Martin and Casey, the undersigned recommends that such be denied for failure to articulate any basis for such.

opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.

In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative

remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

A. Defendant Long

Defendant Long argues that he is entitled to relief because he is not identified in any of the grievances Plaintiff filed concerning the events in question. Plaintiff concedes that Long was not identified in any of his grievances. (ECF No. 45 at PageID.572). Plaintiff nevertheless argues that Defendant's motion should be denied because he was not able to exhaust his claims against Long through the MDOC's prison grievance process.

There is no dispute that Defendant Long was, during the relevant time period, employed as an Assistant Attorney General for the State of Michigan. As such, Long was not an employee or sub-contractor of the MDOC, or otherwise subject to the MDOC's control. Defendant has failed to identify any provision within the applicable MDOC

-5-

grievance policy, or any other authority, that can reasonably be interpreted as requiring prisoners to assert grievances against individuals neither employed by the MDOC nor otherwise subject to its authority or control. Moreover, as courts have recognized, the MDOC's prison grievance process simply does not apply to such individuals. *See, e.g., Rickman v. Michigan Department of Corrections*, 2006 WL 374258 at *3 (W.D. Mich., Feb. 17, 2006) (recognizing that prisoner was not required to pursue an MDOC prison grievance as to claims against a detective not employed by the MDOC).

Defendant has failed to identify any alternative process by which Plaintiff could have pursued administrative relief against him prior to initiating the present action. Accordingly, the undersigned concludes that Defendant Long has failed to meet his burden to obtain relief on the ground that Plaintiff failed to properly exhaust his administrative remedies.

B.   MDOC

The MDOC argues that it is entitled to relief because it is not identified in any of the grievances Plaintiff filed concerning this matter. Plaintiff concedes that the MDOC was not identified in any of his grievances. (ECF No. 45 at PageID.572). Plaintiff again argues, however, that Defendant's motion should be denied because he was not able to exhaust his claims against the MDOC through the prison grievance process.

The MDOC has failed to identify any provision within the applicable MDOC grievance policy, or any other authority, that can reasonably be interpreted as requiring prisoners to utilize the prison grievance process to exhaust claims against the MDOC.

Plaintiff argues that he properly pursued grievances against the individual MDOC officials involved in the subject incidents and Defendant has not demonstrated otherwise.  The MDOC has also failed to identify any alternative process by which Plaintiff could have pursued administrative relief against it prior to initiating the present action.  Accordingly, the undersigned concludes that Defendant MDOC has failed to meet its burden to obtain relief on the ground that Plaintiff failed to properly exhaust his administrative remedies.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Partial Summary Judgment (ECF No. 40) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                          Respectfully submitted,

Date: December 6, 2019                              /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge