UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL, II #414234,

    Plaintiff,

                                          Case No. 1:18-CV-914

v.

                                          HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

       Plaintiff, Robert Annabel, a state prisoner at a Michigan Department of Corrections (MDOC) facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. Defendants moved for partial summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 40.) On December 6, 2019, U.S. Magistrate Judge Phillip J. Green issued a Report and Recommendation (R. & R.) recommending that the Court deny Defendants' Motion for Partial Summary Judgment. (ECF No. 67.)

       Defendants have filed an objection to the R. & R. (ECF No. 70.) Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

Defendants' objection pertains to the portion of the R. & R. addressing Defendant MDOC. Magistrate Judge Green recommends that the Court deny summary judgment to the MDOC because Defendants failed to identify any portions of the grievance policy that required a prisoner to use the prison grievance system to exhaust claims against the MDOC as an entity.

It is undisputed that Plaintiff did not name the MDOC in any of his grievances. Defendants argue that the plain language of the prison grievance policy requires a prisoner to include in the grievance the "names of all those involved in the issue being grieved." MDOC Policy Directive 03.02.130 (effective July 9, 2007), ¶ R. Defendants further argue that the MDOC did not have a fair opportunity to correct any alleged error because it was not put on notice. Thus, according to Defendants, Plaintiff did not exhaust his claims against the MDOC.

Defendants' argument goes too far. The MDOC prison grievance policy directive does not explicitly address whether a grievance can be filed against the MDOC. Although the grievance policy requires a prisoner to include "names of all those involved," it also requires a prisoner to "attempt to resolve the issue *with the staff member*" unless prevented by circumstances beyond his control. *Id.* at ¶ P. The policy also states that a prisoner generally cannot grieve the content of policy or procedure. *Id.* at ¶ F. The Court is not convinced that the prison grievance system requires a prisoner to name the MDOC in the grievance.[1] Ultimately, Defendants bear the burden of establishing that Plaintiff failed to exhaust his administrative remedies. *Napier v. Laurel Cnty*, 636 F.3d 218, 225 (6th Cir. 2011). They have not met that burden in this case.

---

[1] The Court also notes that the grievances in this case were likely enough to put the MDOC on notice because Plaintiff wrote that his "settlement contract" in a previous case was being violated and the MDOC approves the settlement agreements. (ECF No. 41-2 at PageID.496.)

**THEREFORE, IT IS HEREBY ORDERED** that the December 6, 2019, Report and Recommendation (ECF No. 67) is **adopted** as the Opinion of the Court. Defendants' objection to the R. & R. (ECF No. 70) is **overruled.** Defendants' Motion for Partial Summary Judgment (ECF No. 40) is **denied**.

Dated: February 26, 2020                                /s/ Gordon J. Quist
                                                                                     GORDON J. QUIST
                                                                              UNITED STATES DISTRICT JUDGE