UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II, #414234,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

Hon. Gordon J. Quist

Case No. 1:18-cv-914

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 131). Plaintiff initiated this action alleging, in part, that his right to freely practice his religion has been violated by Defendants' refusal to provide him with kosher meals. Plaintiff now moves the Court to issue a preliminary injunction ordering Defendants to "provide him with kosher meals." Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors:

(1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). These are not prerequisites, but rather, relevant non-dispositive factors to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Consideration of these factors weighs against Plaintiff's request. The Court recently recommended that Defendants' motion for summary judgment be granted and Plaintiff's claims dismissed. (ECF No. 134). Accordingly the Court finds that Plaintiff cannot establish that he is likely to prevail on the merits of any of his claims. Also, while the Court does not take lightly claims of impairment with religious exercise, depriving a prisoner of a religious diet does not constitute an *irreparable* injury. *See, e.g., Jarrett v. Snyder*, 2014 WL 6893229 at *4 (W.D. Mich., Dec. 5, 2014). Finally, given these circumstances, the Court finds that the public interest would not be served by granting Plaintiff relief. Accordingly, the undersigned recommends that Plaintiff's motion be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                 Respectfully submitted,

Date: December 3, 2020                    /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge