UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT WAYNE ANNABEL II #414234,

       Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

       Defendants.
_____/

Case No. 1:18-CV-914

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

      This is a civil rights action brought by state prisoner Robert Wayne Annabel II pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Phillip J. Green has issued two Report and Recommendations (R & R). In the first R & R, Judge Green recommends that the Court (1) grant Defendants' motion for summary judgment and (2) deny Plaintiff's motion for summary judgment. (ECF No. 134). In the second R & R, Judge Green recommends that the Court deny Plaintiff's motion for a preliminary injunction. (ECF No. 138.) Plaintiff has filed objections to the first R & R, (ECF No. 136), but does not object to the second R & R.

      Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the first R & R, the objections, and the pertinent portions of the record, the Court concludes that the first R & R should be adopted.

Plaintiff asserts seven objections. In his first objection, Plaintiff argues that the magistrate judge failed to consider his argument in his summary judgment motion and his response to Defendants' summary judgment motion. Plaintiff then "incorporates in his objections the full argument [in his summary judgment motion and response] which the R & R failed to consider." (ECF No. 136 at PageID.1203.)  The Sixth Circuit "has allowed parties to incorporate prior arguments into their objections to a magistrate judge's report, but [the court] disfavor[s] such practices." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).  The requirement for specific objections is met when the objection directs the district judge's attention to specific areas of disagreement. *See id.* Here, Plaintiff simply directs the Court to thirty-one pages of briefing. This does not meet the specificity requirement and amounts to a general objection. A general objection that fails to specify the issues in contention equates to no objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Accordingly, the Court will address only the specific objections.

In his second objection, Plaintiff argues that the magistrate judge misconstrued the nature of his religious claims. This argument is a common theme throughout Plaintiff's objections.  He states that "[t]his lawsuit is about Passover meals being denied to non-Jewish prisoners." (ECF No. 136 at PageID.1204.)[1]  The magistrate judge separated Plaintiff's religious claims into two parts: (1) Plaintiff missed "like the first three days" of Passover meals in 2017, and (2) Plaintiff missed all eight Passover meals in 2018.  With respect to the 2017 meals, Plaintiff failed to sign up for the Passover meals as required by MDOC policy.  Plaintiff does not address his failure to sign up in his objections. Nor does he address the 2017 meals in general.  Instead, Plaintiff focuses on the 2018 incident.  He claims that he was coerced into switching his religious preference to

---

[1] Plaintiff does not identify his specific religion in the amended complaint. He initially designated himself as "other faiths" in the MDOC and refers to himself as Christian in his briefs.  According to Plaintiff, his religion still requires "Passover meals."

2

Judaism in order for him to receive Passover meals. But the amended complaint does not clearly allege such a claim.  Plaintiff alleged that he was denied Passover meals in retaliation over the 2012 settlement dispute. The denial of the Passover meals in 2018 was the result of Plaintiff changing his designated religion.  As stated by the current Special Activities Coordinator, "Passover meals provided by food service are given to Jewish prisoners who currently receive religious meal accommodation and who request it." (ECF No. 124-4, PageID.1041). Plaintiff requested a Passover meal but was not designated as Jewish.  Contrary to Plaintiff's assertion, non-Jewish inmates are not denied the opportunity to celebrate Passover with a religious meal.  The MDOC policy provides an inmate with an avenue for obtaining a "religious fast or feast," by allowing the inmate to obtain a Passover meal without designating himself "Jewish." *See* MDOC Policy Directive 05.03.150, ¶ WW.  But Plaintiff elected to change his religious designation to Judaism instead. And he did so knowing that it would result in a temporary denial of religious dietary accommodations. (ECF No. 127-3, PageID.1111). That is exactly what happened. As the magistrate judge correctly found, Plaintiff did not cite any evidence to show that his request for dietary accommodation was not properly processed or was unreasonably delayed.

In his third objection, Plaintiff argues that the magistrate judge erred when evaluating his free exercise of religion claim and failed to address *Maye v. Klee*, 915 F.3d 1076, 1083 (6th Cir. 2019). But *Maye* did not involve the same MDOC regulations.  In the instant case, MDOC Operating Procedure 05.03.150A, ¶ F, provides that prisoners forego their religious dietary accommodation when changing their religious preference. As explained by the magistrate judge, this policy satisfies the *Turner* analysis.  There is valid, rational connection between this requirement and the need by prison officials to efficiently manage their limited resources. Prison officials have a legitimate interest is ensuring that prisoners requesting religious dietary

accommodation do so only for legitimate reasons. It is not unreasonable to require a prisoner to temporarily forego a benefit obtained to accommodate his stated religious beliefs when that prisoner asserts that his religious beliefs have changed.

In his fourth objection, Plaintiff argues that the magistrate judge erred when finding that the MDOC policy is the least restrictive means of furthering a compelling governmental interest. Plaintiff again argues that he was denied Passover meals because he was not Jewish but does not address the fact that he missed the Passover meals because he switched his religious designation. The Court agrees with the magistrate judge's conclusion that the MDOC's policy of processing and approving a religious diet constitutes the least restrictive means of furthering a compelling governmental interest.

In his fifth objection, Plaintiff argues that the magistrate judge did not adequately address his equal protection claim. But Plaintiff failed to show that he was treated differently than any similarly situated individual. The same policy applies to any inmate regardless of whether he is Jewish or not Jewish. The Court finds no error in the magistrate judge's analysis.

In his sixth objection, Plaintiff argues that the magistrate judge erred in applying the but-for causation standard to his retaliation claim. *See Nieves v. Bartlett*, ⸺ U.S. ⸺, 139 S. Ct. 1715, 1722 (2019). Other courts have applied this standard to prisoner civil rights cases. *See Winston v. Fuchs*, 837 F. App'x 402, 404 (7th Cir. 2020) ("But Winston did not produce enough evidence for a reasonable jury to find that his grievance was the but-for cause of his discipline . . . .") (citing *Nieves,* 139 S. Ct. at 1722). Even if the magistrate judge erred in applying *Nieves*, Defendants are entitled to summary judgment on this claim. There is nothing in Plaintiff's prior settlement mandating that he receive Passover meals. Nor was Plaintiff excused from complying with the MDOC policy. Plaintiff missed a few Passover meals in 2017 because he did not request

4

them as required by the MDOC policy.  He then filed a motion to enforce a settlement, which was denied in November 2017.  Plaintiff then missed Passover meals in 2018 because he switched his religious designation. As stated by the magistrate judge, "Plaintiff has failed to establish that his protected conduct was a motivating factor in Defendants' alleged conduct." (ECF No. 134 at PageID.1190.)

Finally, in his seventh objection, Plaintiff argues that the magistrate judge failed to address the breach of contract state law claim.  The magistrate judge recommended that the Court not retain supplemental jurisdiction over this claim. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction."  The Court finds no error with this recommendation.

**Accordingly, IT IS HEREBY ORDERED** that the two Report and Recommendations (ECF Nos. 134 and 138) are **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the R & Rs, (1) Defendants' motion for summary judgment (ECF No. 126) is **granted**; (2) Plaintiff's motion for summary judgment (ECF No. 120) is **denied**; and (3) Plaintiff's motion for a preliminary injunction (ECF No. 131) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amendment, RLUIPA, and equal protection claims are **dismissed with prejudice**. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims; therefore, the state law claims are **dismissed without prejudice**.

This case is concluded.

A separate judgment will enter.

Dated: August 23, 2021 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE